IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02199-MEH

WAYNE AUGE, and
COVALENT GLOBAL TRUST,

 Plaintiffs,

v.

ESBROOK PC,

 Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

 Plaintiffs Wayne Auge and Covalent Global Trust ("Plaintiffs") asserts claims against Defendant Esbrook PC for breach of contract, unjust enrichment, and professional negligence. ECF 14,16. Defendant has filed the present motion to dismiss ("Motion"), seeking dismissal of all claims against them pursuant to Fed. R. Civ. P. 12(b)(2). ECF 19, 21. As set forth below, this Court grants the Motion and dismisses the case for lack of personal jurisdiction.

## FACTUAL BACKGROUND

 The following are factual allegations (as opposed to legal conclusions, bare assertions, or conclusory allegations) made by Plaintiffs in their First Amended Complaint ("Complaint"), which are taken as true for analysis under Fed. R. Civ. P. 12(b)(2) to the extent they are uncontroverted by Defendant's affidavits. *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984).

Plaintiff Covalent Global Trust is a New Mexico trust managed by Plaintiff Wayne Auge, a citizen of Colorado. Compl. at 1. Defendant Esbrook PC is a law firm based in Chicago, Illinois. *Id.* Plaintiffs hired Defendant upon a referral from the Kirkland Ellis law firm and after reaching out to Defendant over the phone. Resp. at 6. On November 20, 2019, Plaintiffs and Defendant entered into an Engagement Agreement. Compl. at 4.

The Engagement Agreement afforded Defendant twenty percent of the "Gross Consideration" received by Plaintiff Covalent Global Trust in the resolution of *Auge, et al. v. Stryker Corporation, et al.*, Civil Action No. 14-CV-1089-KG-SMV (D.N.M.) ("Lawsuit"). *See* ECF 14-1 at 2. Additionally, the Engagement Agreement provided Defendant with three percent of the proceeds of any sale of the Plaintiffs' intellectual property rights. *Id.* at 3. On May 19, 2022, the Lawsuit was pending in the United States District Court for the District of New Mexico and resulted in a settlement. Compl. at 4. Defendant never traveled to Colorado for purposes of the Lawsuit. *Id.* at 3.

Defendant currently holds $500,000.00 in settlement proceeds in a trust. *Id.* at 7. After the settlement, Defendant asked Plaintiffs if they would agree to a thirty percent contingency fee. *Id.* at 6. When Plaintiffs did not agree, Defendant sought a twenty percent contingency fee for the entire settlement amount by sending Plaintiffs a Settlement Statement. *Id.* The settlement amount in the Settlement Statement, however, included compensation for the sale of Plaintiffs' intellectual property. *Id.* Plaintiffs never executed the Settlement Statement, and the present lawsuit ensued. *Id.* at 7. On these same issues, Defendant has filed another lawsuit in the District of New Mexico. *See Esbrook P.C. v. Auge*, No. 22-cv-00560-DHU-GJF (D.N.M.).

## **LEGAL STANDARDS**

"Where, as in the present case, there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

> The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party. However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true.

*Wenz*, 55 F.3d at 1505 (citations and internal quotation marks omitted).

"Jurisdiction to resolve cases on the merits requires . . . authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)). "To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2005) (quoting *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999)).  In Colorado, only one inquiry is necessary, as the Colorado long-arm statute, Colo. Rev. Stat. § 13-1-124(1), "confer[s] the maximum jurisdiction permitted by the Due Process Clauses of the United States and Colorado

constitutions," and its requirements are necessarily addressed under a due process analysis. *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005) (en banc).

## DISCUSSION

Defendant asserts that this Court lacks jurisdiction and seeks dismissal of all claims. Defendant makes three primary arguments under this assertion: it did not purposefully direct its activities to Colorado residents; it did not purposefully avail itself of the privilege of conducting activities in Colorado; and Plaintiffs' injuries did not arise out of Defendant's contacts with Colorado. Mot. at 5. Thus, the issue before the Court is whether the exercise of personal jurisdiction over Defendant in this case comports with due process. *Reynolds v. Henderson & Lyman*, No. 13-cv-03283-LTB, 2014 WL 5262174, at *2 (D. Colo. Oct. 14, 2014).

### I.     Personal Jurisdiction

When evaluating personal jurisdiction under the Due Process Clause, the Tenth Circuit conducts a two-step analysis. At the first step, the court examines "whether the non-resident defendant has 'minimum contacts' with the forum state such 'that he should reasonably anticipate being haled into court there.'" *TH Agric. & Nutrition, LLC v. Ace European Group, Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007) (citations omitted). If the defendant has sufficient contacts, the court then asks whether "exercise of jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice,'" that is, whether the exercise of jurisdiction is "reasonable" under the circumstances of a given case. *Id.* (citations omitted). "This analysis is fact specific." *ClearOne Communs., Inc. v. Bowers*, 643 F.3d 735, 763 (10th Cir. 2011) (quoting *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010)).

The "minimum contacts" test may be met pursuant to either of two ways – general jurisdiction or specific jurisdiction. First, if a defendant has "continuous and systematic general business contacts" with the forum state, it may be subjected to the general jurisdiction of the forum state's courts. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984). Second, even in the absence of "continuous and systematic" contacts, a state court may exercise specific jurisdiction over a defendant that "purposefully directed" its activities at the state's residents, if the cause of action arises out of those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985); *see also Benton*, 375 F.3d at 1076 ("A defendant's contacts are sufficient if the defendant purposefully directed its activities at residents of the forum, and the plaintiff's claim arises out of or results from actions by the defendant himself that create a substantial connection with the forum state.") (internal quotation marks and citation omitted).

In addition to examining Defendant's minimum contacts with Colorado, the Court must analyze whether the exercise of personal jurisdiction offends "traditional notions of fair play and substantial justice" in this case. *ClearOne Communs., Inc.*, 643 F.3d at 764. This inquiry requires a determination of whether personal jurisdiction over a defendant with minimum contacts is reasonable in light of the circumstances surrounding the case. *Id.* In assessing reasonableness, a court considers: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Id.*

A.       General Jurisdiction

General jurisdiction, unlike specific jurisdiction, subjects a defendant to a court's personal jurisdiction even when the controversy is not related to the defendant's activities in the forum. Specifically, "when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State, due process is not offended by a State's subjecting the corporation to its *in personam* jurisdiction when there are sufficient contacts between the State and the foreign corporation."  *Hall*, 466 U.S. at 414.  However, these contacts must be "continuous and systematic." *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996) (quoting *Hall,* 466 U.S. at 416).

Here, Plaintiffs allege Defendant had sufficient contacts with Colorado because it provided legal services to Plaintiffs in Colorado. Compl. at 2; Resp. at 18. Defendant argues, however, that it never solicited Plaintiffs' business and that all the legal services provided to Plaintiffs were performed in Illinois for a matter in the District of New Mexico. Mot. at 5. Plaintiffs admit that Defendant never traveled to Colorado for purposes of the Lawsuit but argue that Defendant directed its activities to Colorado by corresponding with Plaintiffs over the phone and through email.  Compl. at 3. However, Plaintiffs have not established that Defendant maintained offices, had bank accounts or other property, or was registered to do business in Colorado. *See Hall*, 466 U.S. at 416 (finding no *in personam* jurisdiction by a Texas court where the Defendant lacked a place of business, bank account, or license to do business in the state of Texas). In fact, Defendant's affidavit states just the opposite. *See* ECF 19-3 at 1. Considering this, the Court finds that Plaintiffs have failed to make a prima facie showing that this Court has general personal jurisdiction over Defendant.

6

B.     Specific Jurisdiction

"Under the specific-jurisdiction requirement, a plaintiff satisfies the minimum-contacts standard by showing that (1) the defendant has purposefully availed itself of the privilege of conducting activities or consummating a transaction in the forum state, and (2) the litigation results from the alleged injuries that arise out of or relate to those activities." *Bartile Roofs, Inc.*, 618 F.3d at 1160. "Purposeful availment requires actions by the Defendant which create a substantial connection with the forum state ... [the court] must examine the quantity and quality of Defendant's contacts with the forum state." *Bartile Roofs, Inc.*, 618 F.3d at 1160 (internal quotations and citations omitted) (emphasis in original). Here, the Plaintiffs mention nothing in their Complaint about any actions by Defendant to create a substantial connection with Colorado. Instead, Plaintiffs argue that *their* location in Colorado creates a link between Defendant and Colorado. Compl. at 3 ("Defendant purposefully directed its activities into Colorado by, for example, sending Plaintiff over 2,300 emails during its representation of a period of three years, and by calling Auge . . .wir[ing] payments to Plaintiffs' bank account in Colorado . . . ."); *see also* Resp. at 19. Such a link does not suffice to establish jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) ("Jurisdiction is proper . . . where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State").

The Tenth Circuit agrees that an out-of-state attorney, like Defendant, does not purposefully avail himself of the client's home forum's laws and privileges. *Newsome v. Gallacher*, 722 F.3d 1257, 1280-81 (10th Cir. 2013). Plaintiffs urge the Court to decline to follow *Newsome* on the basis that Defendant solicited the business of Plaintiffs in Colorado by sending the Engagement Letter to Colorado. *See* Resp. at 14-16. However, despite Plaintiffs'

7

characterization of Defendant's actions as "solicitations," the Court does not find that simply sending a draft Engagement Agreement to Plaintiffs located in Colorado constitutes "reach[ing] out to the client's home forum to solicit the client's business." *Newsome*, 722 F.3d at 1281. Plaintiffs admit that they hired Defendant before the Engagement Agreement was negotiated and approached Defendant upon a referral from the Kirkland Ellis law firm. Resp. at 6. Much like the law firm in *Newsome*, save for negotiating the Engagement Agreement, communicating with Plaintiffs, and wiring money to Colorado bank accounts, Defendant had "virtually no connection to [Colorado] as relevant to the circumstances that gave rise to this lawsuit." *Id.*

Applying *Newsome*, this District has affirmed that attorney client communications do not constitute contacts sufficient to establish personal jurisdiction. *Reynolds*, 2014 WL 5262174, at *3. And, even if the brunt of the harm is felt in the client's home forum, that is not enough to hale an out-of-state attorney there. *Id.* Moreover, the Plaintiffs rely on *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267 (Colo. 2002), which *Newsome* explicitly rejected. 722 F.3d at 1280. This District is "bound by *Newsome's* holding regarding the limits of federal due process, not the contradictory decisions of the Colorado Supreme Court." *Reynolds*, 2014 WL 5262174, at *4. Therefore, the Court finds that Plaintiffs failed to make a prima facie showing that this Court has specific personal jurisdiction over Defendant. *See SGI Air Holdings II LLC v. Novartis Int'l, AG*, 192 F. Supp.2d 1195, 1202-03 (D. Colo. 2002) (noting that where the only contacts are sending and receiving of electronic communications and the defendant has entered the forum state to discuss details of a contract, courts have found no personal jurisdiction).

II. <u>Transfer Pursuant to 28 U.S.C. § 1631</u>

The next issue before the Court is whether the case should be dismissed for lack of personal jurisdiction or transferred to the District of New Mexico. Plaintiffs cite *Reynolds v.*

*Henderson & Lyman* and argue that the proper remedy for this case's jurisdictional defects is to transfer the case to the District of New Mexico. Resp. at 3. Defendant contends, however, that dismissal is warranted and cites *Young v. State Gov't of Okla.*, 98 F. App'x 760 (10th Cir. 2004). Unlike the present case, the parties in *Reynolds* did not dispute that transfer was the correct course. *Reynolds*, 2014 WL 5262174, at *4. And still, this District analyzed whether the transfer was in the interest of justice. *Id.*

Indeed, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action." 28 U.S.C. § 1631. Transferring is usually favored because Section 1631 was "specifically designed for cases transferred from one federal court to another for lack of jurisdiction, served to simplify the process and streamline its application." *Ross v. Colorado Outward Bound Sch., Inc.*, 822 F.2d 1524, 1527 (10th Cir. 1987). However, here, Plaintiffs acknowledge that Defendant filed a competing lawsuit in New Mexico on the same issues of the present case. Resp. at 3. Plaintiffs do not dispute their opportunity file affirmative defenses and counterclaims in that case. *Id*. Thus, the Court finds that dismissal is a more appropriate and streamlined remedy than transfer.

## CONCLUSION

ACCORDINGLY, Defendant's Motion [filed October 20, 2022; ECF 21] is **granted**. Plaintiff's claims are dismissed without prejudice pursuant to 28 U.S.C. § 1404(a) for lack of personal jurisdiction. Given the nature of the defects, the Court finds that granting leave to file an amended complaint would be futile. The Clerk of the Court shall close this case.

Entered and dated this 15th day of February, 2023, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge